**UNITED STATES of America,**
**Appellee,**

v.

**Daniel LUGO, Darryl Tyler, Michael McMillan, and Kenneth A. Watson, Defendants–Appellants.**

**No. 02–1697–CR.**

United States Court of Appeals, Second Circuit.

March 14, 2005.

Margo K. Brodie and Kelly T. Currie, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, on the brief), for Appellee.

Daniel Lugo, Dannemora, N.Y., Kim P. Bonstrom, Bonstrom & Murphy, New York, NY, for Defendant–Appellant Daniel Lugo, pro se.

Ruth M. Liebesman, New York, NY, for Defendant–Appellant Darryl Tyler.

Elizabeth E. Macedonio, Bayside, NY, for Defendant–Appellant Michael McMillan.

Kenneth A. Paul, New York, NY, for Defendant–Appellant Kenneth Watson.

Present: CALABRESI, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** in part, and that case be and it hereby is **REMANDED.**

Defendants-appellants Daniel Lugo, Darryl Tyler, Michael McMillan, and Kenneth A. Watson (collectively, "defendants") appeal their convictions for a variety of offenses on a number of grounds, and also assert that their sentences are infirm. Familiarity with the record and the prior proceedings is assumed.

Tyler, McMillan, and Watson assert that the evidence adduced at trial was not sufficient to support their convictions for (1) racketeering, in violation of 18 U.S.C. §§ 1962(c), 1963; (2) conspiracy to commit racketeering, in violation of 18 U.S.C. §§ 1962(d), 1963; (3) murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); and (4) conspiracy to distrib-ute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841, 846. Similarly, Lugo claims that the government's evidence was insufficient to support his conviction for murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5).

We disagree. Viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in its favor, we are convinced that a rational jury could conclude that the evidence proved beyond a reasonable doubt each of the charges of which the defendants were convicted. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Aleskerova,* 300 F.3d 286, 292 (2d Cir.2002).

Defendants also argue that the district court erred in failing to instruct the jury on a number of issues. As no objections to the jury charges were raised below, we evaluate these challenges to the jury charge for plain error. So viewed, we conclude that defendants' arguments must fail, because defendants have not established a sufficient likelihood of prejudice from the alleged-errors. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Tyler, individually, claims that his trial attorney was constitutionally ineffective, in violation of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We dismiss the challenge, without prejudice to Tyler raising the same claim in a habeas petition. *See, e.g., Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[A] motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance [of counsel].").

Lugo, individually and in a brief filed *pro se,* asserts (1) that he was deprived of a fair trial by the government's opening and closing statements, (2) that one of the

government's witnesses impermissibly vouched for the credibility of another witness, and (3) that the prosecution violated the Jencks Act, 18 U.S.C. § 3500, by failing to disclose certain materials in a timely fashion. We find no legal or factual merit in any of these claims.

Defendants raise a host of other objections, all of which must also be rejected. Having reviewed the factual record, we see no reason to conclude that the district court's statements during voir dire prejudiced the jury pool against the defendants. Moreover, the district court did not err in admitting (1) evidence of uncharged crimes as, in the circumstances of this case, they related to the racketeering enterprise and were not unduly prejudicial, *see United States v. Baez,* 349 F.3d 90, 93 (2d Cir. 2003), or (2) the testimony of numerous co-conspirators, *see United States v. Head,* 546 F.2d 6, 9–10 (2d Cir.1976). Nor does the district court's decision to limit re-cross-examination of several witnesses require reversal of defendants' convictions, for the decision lay well within the discretion of that court. *See United States v. Singh,* 628 F.2d 758, 763 (2d Cir.1980). Additionally, defendants have not demonstrated any basis for reversing the district court's decision to permit a witness to invoke his Fifth Amendment privilege against self-incrimination.

Finally, defendants raise a number of challenges to their sentences. The district court's decision not to depart downward is not appealable, and we therefore dismiss all challenges to that refusal to depart. We further find that Tyler's enhancement for a leadership role was not unwarranted under the Guidelines. *See United States v. Molina,* 356 F.3d 269, 275–76 (2d Cir. 2004). But in light of the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United*

*States v. Crosby,* 397 F.3d 103 (2d Cir. 2005), we remand all four cases (Lugo, Tyler, Watson, and McMillan) to the district court for further proceedings in conformity with *Crosby.*

Any appeal taken from the district court following this remand and resentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.